UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JASON MILLER,

        Plaintiff,                          Case No. 2:23-cv-169

v.                                             Honorable Paul L. Maloney

UNKNOWN GREGG et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because it is duplicative of a pending action that Plaintiff previously filed.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Thumb Correctional Facility (TCF) Lapeer, Lapeer County, Michigan. The events about

which he complains, however, occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Defendants Sergeant Unknown Gregg, Corrections Officer Unknown Compton, Sergeant Unknown Tuzinowski, and Unknown Surety in their individual capacities. (ECF No. 1, PageID.2.)

The Court notes that Plaintiff's complaint in this case is word-for-word identical to the complaint he filed in *Miller v. Gregg et al.*, No. 2:23-cv-144, which is currently pending in this court. Even the exhibits to the complaints are identical. (ECF No. 1-1); *Exs.*, *Miller v. Gregg et al.*, No. 2:23-cv-144 (W.D. Mich. Aug. 4, 2023), (ECF No. 1-1). Additionally, as in his complaint in Case No. 2:23-cv-144, Plaintiff seeks compensatory and punitive damages, declaratory relief, and indemnity damages against Defendant Surety.

## II.    Duplicative Filing

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997); *Sanders v. Washington*, 582 F. Supp. 3d. 543, 548 (W.D. Mich. Jan. 27, 2022). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991). In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed

under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See, e.g. McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss an *in forma pauperis* civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. Cir. 1996) (holding that the district court may dismiss an *in forma pauperis* action where the complaint duplicates the allegations of other pending or previously filed litigation, even where the previously filed actions were filed in different districts); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).

      A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). As noted above, the present complaint is identical to the complaint in Case No. 2:23-cv-144. Therefore, pursuant to the Court's

3

inherent power and the screening provisions of the PLRA, the Court will dismiss the complaint on the grounds that it is duplicative and, therefore, frivolous.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A dismissal for frivolousness qualifies as a dismissal described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   September 19, 2023                           /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge